**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MICHAEL D. SMALL,

Petitioner,

v. Case No. 3:17-cv-1419-J-32JRK

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, et al.,

Respondents.

**ORDER**

## I. Status

Petitioner, Michael D. Small, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. 1. Petitioner challenges a state court (Duval County, Florida) judgment of conviction for which he is serving a life term of incarceration. Id. at 1. Respondents argue that the Petition is untimely filed and request dismissal of this case with prejudice. See Doc. 15 (Resp.).[1] The Court provided Petitioner with an opportunity to file a reply (Doc. 16), but he did not do so. This case is ripe for review.

[1] Attached to the Response are several exhibits. The Court cites to the exhibits as "Resp. Ex."

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III. Analysis

On December 13, 2007, Petitioner entered a negotiated plea of guilty to second degree murder. Resp. Ex. E. That same day the trial court sentenced Petitioner in accordance with his negotiated disposition to a life term of incarceration.[2] Resp. Ex. F. Thereafter, on April 15, 2008, the trial court sua sponte re-recorded Petitioner's judgment and sentence to reflect that his second degree murder conviction was a lesser included offense. Resp. Ex. G. Petitioner did not seek a direct appeal following his December 13, 2007, sentencing or after the trial court re-recorded his judgment and sentence on April 15, 2008.

For purposes of this Order, the Court assumes Petitioner could have sought a direct appeal following the re-recording of his judgment and sentence; and thus, his judgment and sentence became final upon expiration of the time

[2] Petitioner agreed to a life sentence in exchange for the state dropping the criminal charges pending in No. 2007-CF-9597 and an agreement that the state would not pursue additional charges for events that occurred in March 2006. Resp. Ex. E.

to file a notice of appeal: Thursday, May 15, 2008. Therefore, his federal one-year statute of limitations began to run the next day, May 16, 2008, and expired one year later on May 19, 2009,[3] without Petitioner filing a motion for postconviction relief that would toll the one-year period.

On September 26, 2017, Petitioner filed his first and only state court motion for postconviction relief under Florida Rule of Criminal Procedure 3.800(a). Resp. Ex. H. Because there was no time left to toll, however, Petitioner's Rule 3.800(a) motion did not toll the federal one-year limitations period. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [the petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, the Court finds the Petition, filed on November 13, 2017, is untimely filed by more than 8 years.

[3] The last day fell on a Saturday, so the period continued to run until the following Monday. See Fed. R. Civ. P. 6(1)(C).

Petitioner does not argue that he is entitled equitable tolling, and he fails to allege any factual allegations supporting due diligence or extraordinary circumstances. See Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). Further, Petitioner does not assert actual innocence as a gateway to avoid enforcement of the one-year limitations period. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). As such, this action is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. The Petition (Doc. 1) and this case are **DISMISSED with prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending

motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[4]

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of November, 2020.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:  Michael D. Small, #129825
    Anne Catherine Conley, Esq.

---

[4] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.